## ALFRED DECKER COHN CO. v. ETCHISON HAT CO. et al.

(District Court, E. D. Virginia. June 28, 1915.)

COPYRIGHTS ⊂⇒29—INFRINGEMENT—ACTS CONSTITUTING.

Under Copyright Act March 4, 1909, c. 320, § 20, 35 Stat. 1080 (Comp. St. 1913, § 9541), providing that where a copyright proprietor has sought to comply with the act with respect to notice, the omission by accident or mistake of the notice from a particular copy or copies shall not invalidate the copyright, or prevent a recovery of damages against a person who after actual notice of the copyright infringes it, but shall prevent recov-

ery of damages against any innocent infringer misled by the omission of the notice, a copyright proprietor, whose notice of copyright is defective because of the characters or symbols therein being so small that an average observer may discover nothing therefrom, may not recover damages against one innocently infringing the copyright, and on ascertaining the facts promptly discontinuing the use thereof; but he will be enjoined from future use, if injunction is desired by the proprietor, for the defects in the notice do not invalidate the copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 29, 30; Dec. Dig. ☞29.]

In Equity. Bill by Alfred Decker Cohn Company against the Etchison Hat Company and another to enjoin infringement of copyright. Relief granted in part.

Pines & Newmann, of Chicago, Ill., and Jo Lane Stern, of Richmond, Va., for complainant.

George C. Fitzhugh, of Richmond, Va., for defendants.

WADDILL, District Judge (orally). The court can dispose of this case now, and assumes that it will be more satisfactory to all parties for it to do so.

Congress, by Act March 3, 1909, has sought most comprehensively to make plain all matters we are considering. It passed an act with 64 sections, dealing with almost every phase of this case. Among other things, it provided for publication of a copyright to make it valid; it must be registered with the authorities in Washington; and the copyright, when issued, shall contain a certificate with specific symbols attached. The purpose of having publication of the symbols is that no one shall be misled as to the existence or nonexistence of the copyrighted article. Copyright is a very valuable privilege; it runs for 28 years. Just how it shall be procured, and of what it shall consist, and what shall be done respecting its publication, is sought to be covered by this act. Damages are allowed for infringing, pirating, or copying it. It provides for a minimum and maximum allowance of damages, and also for costs, and for attorney's fees in the discretion of the court, in favor of the party owning the copyright. Whether this allowance of damages is discretionary or not is not entirely clear. The court is inclined to think that the interpretation of section 25 of the act leaves it within the discretion of the court to allow or refuse damages entirely. But it is not necessary to determine that question. Section 20 bears materially on this case. It provides that, where a copyright proprietor has sought to comply with the provisions of the act with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not make invalid the copyright, or prevent recovery of damages against a person who, after actual notice of the copyright, begins an undertaking to infringe, but shall prevent the recovery of damages against an innocent infringer, who has been misled by the omission of notice, and in a suit for infringement no permanent injunction shall be had, unless the copyright proprietor shall reimburse the innocent infringer his reasonable outlay innocently incurred, if the court in its discretion shall so direct. That section seems to be reasonably clear.

There has been more or less feeling in this case, for which the court has not seen the slightest reason. The complainant claimed to have a copyright, and the defendants, citizens of Richmond, Va., did put a miniature copy of it in a publication of comparatively limited circulation. They did not take it from what they believed to be a copyrighted article, and the moment their attention was called to it they explained that they did not mean to infringe any copyright, and at once stopped its publication, and have not used it since. That is this case, and it does not impress the court as having much merit in it, but, on the contrary, is one in which an innocent mistake had been made, which was at once corrected, and from which no serious result or damage occurred, sufficient to support a lawsuit other than from a mere technical viewpoint. Theoretically copyright owners may sustain damages by a publication of this character, and it may be difficult to prove the same; but here we are not furnished with evidence of any damage sustained from any standpoint, and the case is one certainly void, from the evidence adduced, of any intentional wrong on the part of the defendants.

The alleged infringement consists in copying a picture illustration in "Men's Wear," which defendants insist contained no symbol or mark or other thing to indicate that it had been copyrighted. Complainant insists that the publication did contain the proper symbols or marks to show that it had been copyrighted. This presents a question of fact, and while, if it be conceded that the rule applicable to the claims of a patent may have general application to that of copyright, that is to say, that such symbols must so appear upon the publication that one ordinarily skilled in the art, as distinguished from a layman, would observe the same, still, to the mind of the court, this publication is so defective in the respects indicated, so absolutely lacking in furnishing what the statute in terms prescribes it shall have, to the end that persons to be affected thereby might secure notice thereof, that the defendants ought not to suffer from such neglect.

The statute, among other things, prescribes that the notice shall contain the letter "C" inclosed within a circle. There is no excuse for any one to make a character so small that you cannot see what it is. Perhaps the "C" in the publication of "Men's Wear" might be discovered with a microscope, by a person skilled in the art, still an average observer would discover nothing therefrom, even with such aid; and what is said in this respect applies likewise to the other symbols on the notice.

The judgment of the court is that the notice published in Men's Wear was so defective in the respects indicated as not to convey to any one the existence of a copyright, and its conclusion upon the whole case is that the complainant has a valid copyright; that incidentally these defendants have infringed the same; that by reason of the improper and defective publication in Men's Wear, from which the defendants copied the same, no damages will be awarded against them; that, the defendants having promptly discontinued the use of the copyrighted illustration, they will be enjoined only from its future use, if such injunction is desired, but without costs to the complainant.