## WILKES-BARRE RECORD CO. v. STANDARD ADVERTISING CO.

### No. 4945.

Circuit Court of Appeals, Third Circuit.
Jan. 26, 1933.

R. Lawrence Coughlin and Bedford, Jones, McGuigan & Waller, all of Wilkes-Barre, Pa., for appellant.

Mitchell Jenkins and Jenkins, Turner & Jenkins, all of Wilkes-Barre, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Middle District of Pennsylvania enjoining the appellant from infringement of appellee's copyright and awarding damages, costs, and attorney's fee against the appellant.

The Standard Advertising Company, appellee, was engaged in the business of preparing and selling designs to be used in con-

nection with advertising. It edited and compiled in magazine form books of pictorial illustrations of women's wear. These books were copyrighted. It issued three such books of illustrations to a retail dealer in women's garments, J. D. Levay, trading as Levay-Stone Company, under a written contract dated October 17, 1923, granting the exclusive franchise rights to these books for advertising purposes for the city of Scranton and vicinity. The exclusive franchise right for Wilkes-Barre, about eighteen miles from Scranton, had been sold to MacWilliams, Inc. The rights, which the Standard Advertising Company sold, consisted of the privilege of using, in advertising, the illustrations appearing in the copyrighted books. Books containing these illustrations were delivered to Levay-Stone Company. With these books were delivered papier maché matrices or cuts of various illustrations contained in the books. The licensee was privileged to take the illustrations appearing in reverse upon the matrices to a newspaper for publication. The Wilkes-Barre Record Company, appellant, is in the business of publishing the "Wilkes-Barre Record," a newspaper. Its circulation is in Wilkes-Barre and vicinity. On September 5, 1923, September 12, 1923, and September 15, 1923, the Wilkes-Barre Record Company printed for Levay-Stone Company advertisements containing pictorial illustrations identical with the illustrations contained in the Standard Advertising Company's copyrighted books. In making such printings, the appellant used only the matrices furnished by the appellee to Levay-Stone Company and supplied by it to the appellant. The Wilkes-Barre Record Company had no knowledge of the copyright. It printed the advertisements prior to the written contract between the Standard Advertising Company and Levay-Stone Company, the latter having received the illustrations prior to the date of the contract. The printing of the advertisements is the basis of the complaint. The matter was referred to, and heard by, a master appointed by the court, who recommended that an injunction issue and that damages be awarded for the alleged infringement against the appellant in the amount of $750, together with costs, including an attorney's fee of $100. The court, in its decree, sustained the findings of the master.

The appellant admits that the material published was copyrighted; that such material was the property of the appellee; and that its act in publishing the material was unauthorized. Its defense in the court below, which is sustained by the evidence, was that all copyright notice was omitted from the matrices manufactured by the appellee and delivered by the appellee to Levay-Stone Company; that it had no notice of the fact of copyright; and that, as a result of such omission of notice, no damages may be recovered from the appellant by the copyright owners.

Section 20 of 17 USCA provides: "Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

Under this section, although a defect in the copyright notice does not invalidate the copyright, it does prevent the owner from recovering damages against one innocently infringing the copyright; that is, one who has actually been misled by the omission of the notice.

In Alfred Decker Cohn Co. v. Etchison Hat Co., 225 F. 135 (D. C. of Va.), a notice of copyright containing the letter C inclosed in a circle and affixed to a published illustration, as required by the Copyright Act (see 17 USCA § 18), was so defective as not to convey to any one the existence of a copyright. Although there had been a technical and incidental infringement, the decree of the court was restricted to an injunction against the future use of the copyrighted illustration, and contained no award of damages because of the defective nature of the notice.

See, also, Strauss v. Penn Printing & Publishing Co., 220 F. 977 (D. C. of Pa.).

If damages were to be awarded the copyright proprietor, the master was, of course, entirely correct in applying the measure of damages approved by the Supreme Court in Westerman Co. v. Dispatch Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499.

It is our view, however, that the instant case falls within the exemption of damages against an innocent infringer, found in sec-

tion 20 of the Copyright Act, and that neither section 25 nor its amendments (17 USCA § 25) apply to cases where notice of the copyright has been omitted.

The decree is reversed in so far as it imposes upon the appellant damages, costs, and counsel fee, and affirmed as to the injunction, with direction that the appellant have leave to apply to the court below for reimbursement of its "reasonable outlay innocently incurred if the court, in its discretion, shall so direct."