**TRIFARI, KRUSSMAN & FISHEL, Inc.,**
**Plaintiff,**

v.

**B. STEINBERG–KASLO CO., a Partnership composed of Julius Steinberg, Morris Kimmelman, Hyman Slovitt, Abraham J. Slovitt and Samuel Friedman, and Arke, Inc., Defendants.**

United States District Court
S. D. New York.
July 11, 1956.

Sullivan, Donovan, Hanrahan, McGovern & Lane, New York City, for plaintiff. William H. Coogan, Thomas F. Reddy, Jr., Pennie, Edmonds, Morton, Barrows & Taylor, New York City, of counsel.

Maxwell E. Sparrow, New York City, for defendants. William V. Pesce, New York City, of counsel.

DIMOCK, District Judge.

This is an action for copyright infringement and unfair competition involving the production and sale of costume jewelry. The specific article of jewelry covered by the copyright which plaintiff alleges is infringed by defendants' allegedly similar piece is a pin representing a hansom cab. Plaintiff's piece retails at $15 while defendants' piece made both in pin and pendant form, sells for $1. The difference between pin and pendant is of no moment here and defendants' product will be referred to as a pin.

The application now before me is plaintiff's motion for a preliminary injunction based on copyright infringement.

Defendants have set up numerous defenses to plaintiff's claim for temporary relief. They may be summarized as follows: (1) costume jewelry is not copyrightable; (2) there are substantial differences between the two pins, so that defendants' does not infringe plaintiff's alleged copyright; (3) the copyright notice was not in proper statutory form; (4) plaintiff did not place the notice of copyright on its pin which defendants used as a model; and (5) defendants no longer manufacture or distribute the pins complained of.

1. All works of art may be copyrighted. 17 U.S.C. § 5(g). The regulations include costume jewelry within this category. 37 C.F.R. § 202.8. Unless these regulations are invalid therefore, plaintiff, at least initially upon registration, obtained a valid copyright. I see no reason to depart from the decisions in this District holding them valid. See Hollywood Jewelry Mfg. Co. v. Dushkin, D.C.S.D.N.Y., 136 F.Supp. 738; Trifari, Krussman & Fishel, Inc., v. Charel Co., D.C.S.D.N.Y., 134 F.Supp. 551.

2. Defendants' contention that their pin is so dissimilar that it does not infringe plaintiff's copyright is without merit. Defendants admit that they purchased a hansom cab pin, similar to plaintiff's, in a store that sold hansom cab pins made only by plaintiff. This purchased pin, with minor alterations, was used by defendants to make the mold for their pin. The minor variations between the two pins, such as the immovable wheels and rear lantern on the defendants' pin as compared to the movable ones on plaintiff's, do not prevent their substantial identity. A finding of infringement requires only that the two pins be observably similar. Where, as here, there is no doubt but that defendants copied plaintiff's article, it is not necessary that defendants' pin be shown

to be a "Chinese copy" of plaintiff's. Gerlach-Barklow Co. v. Morris & Bendien, Inc., 2 Cir., 23 F.2d 159; Baron v. Leo Feist, Inc., D.C.S.D.N.Y., 78 F.Supp. 686.

Defendants have submitted another and earlier-purchased pin made by neither party, which they claim represents a hansom cab, and have also submitted pictures of hansom cabs, all in an attempt to prove that they could have obtained the idea elsewhere than from plaintiff. This contention is irrelevant. First, defendants do not contend that they modeled their pin upon this earlier pin or photographs. In fact, the evidence clearly shows that plaintiff's pin, with minor changes, was used as defendants' model. In that state of the record, earlier representations of hansom cabs in costume jewelry are of no import. Sheldon v. Metro-Goldwyn Pictures Corp., 2 Cir., 81 F.2d 49, 53. Second, though an alleged infringer gets the idea of a hansom cab pin from a copyrighted article there can be no finding of infringement unless the article itself has been copied. The idea of a hansom cab pin cannot be copyrighted. Nevertheless plaintiff's expression of that idea, as embodied in its pin, can be copyrighted, Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630, and I find that plaintiff's expression of a hansom cab has been copied by defendants.

3. I now turn to the defense that plaintiff's copyright notice was not in proper statutory form. Section 19 of Title 17, United States Code, prescribes the required form of the notice as follows:

"In the case * * * of copies of works specified in subsections (f) to (k), inclusive, of section 5 of this title, the notice may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided,* That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear."

Defendants state that the notice which plaintiff used was not sufficient under the statute.

Plaintiff handed up to the court, on the argument of this motion, a copy of its pin which had imprinted on the reverse side the notice "Trifari ©". Also, there were attached to this pin two labels containing the following legends "Trifari, Krussman and Fishel, Inc. © Jewels by Trifari" and "Copyrighted Trifari".

Defendants say that "Trifari ©" does not meet the statutory requirements. They point to section 19, which requires that the name of the proprietor of the copyright appear on the article, and claim that "Trifari" is not the name of the proprietor, but a trade-mark owned by the proprietor. In support of this contention, defendants have attached to their affidavits a certificate of doing business under the name of "Trifari" which lists as the owner of that trade name two individuals, Leo F. Krussman and Gustavo Trifari. This certificate is presently on file in the New York County Clerk's office. Defendants state, therefore, that the notice "Trifari" on the copyrighted article is not sufficient to advise anyone of the name of the proprietor.

Plaintiff, in rebuttal, points out that the two named individuals who filed the certificate of doing business under the trade name of "Trifari" were founders of plaintiff corporation and were two of its officers until their deaths in 1954. In addition, the address listed in the certificate is the same as that of plaintiff. Furthermore, plaintiff owns the trademark "Trifari" which is registered in the United States Patent Office, pursuant to statute, 15 U.S.C. § 1051.

The purpose of requiring that a copyright notice be affixed to the article is to advise the public of the claim of the copyright proprietor and to prevent innocent persons, unaware of the copyright, from incurring infringement penalties. Insubstantial variations from the notice prescribed by statute will not destroy rights of the copyright proprietor so long as innocent persons are not there-

by misled. Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406, 409. Publication without substantial compliance with the notice requirements of the statute, however, will be held to be an abandonment of copyright and dedication to the public. Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276, 277.

In National Comics Publications v. Fawcett Publications, 2 Cir., 191 F.2d 594, a similar defense was attempted. There the proprietor of the copyright was "National Comics Publications, Inc." The name written on the copyrighted article as the proprietor, however, was "Superman, Inc." The latter corporation was a subsidiary of the actual proprietor and both corporations had the same officers. The Second Circuit held the notice sufficient. A portion of that opinion, per L. Hand, C. J., at pages 602–603, is directly applicable to the question whether "Trifari ©" constitutes sufficient notice:

> "Since, however, the interests of the two corporations were precisely the same, we think that a notice was sufficient which used the dummy's name as 'proprietor.' Anyone who should act in reliance upon the proprietorship of Superman, Inc., would not find himself in any different position because it turned out that that corporation was only a dummy; certainly [National] could not for that reason have escaped any liability. We are unwilling to allow a barefaced infringer to invoke an innocent deviation from the letter that could not in the slightest degree have prejudiced him or the public."

For other cases permitting insubstantial deviations from the letter of the statutory requirement as to notice, see Werckmeister v. Springer Lithographing Co., C.C.S.D.N.Y., 63 F. 808 (use of trade name held sufficient); Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276, supra (notice held sufficient even though "Inc." omitted from name); Ziegelheim v. Flohr, D.C.E.D.N.Y., 119 F.Supp. 324, 328 (use of surname only

held sufficient even though "it might refer to plaintiff or any of his relatives".).

■ In line with these authorities, I find it difficult to believe that any innocent person could have been misled by seeing the notice "Trifari ©". Use of this notice substantially complied with the statutory prescription.

■ 4. While the notice "Trifari ©" is sufficient, defendants argue that plaintiff's failure to affix that notice in legible form to the pin purchased by defendants and used as a model for their pin precludes recovery against them. It is true that an illegible notice would not be sufficient, as a matter of law, to charge with knowledge of the copyright an infringer who had no actual notice, Alfred Decker Cohn Co. v. Etchison Hat Co., D.C.E.D.Va., 225 F. 135, but it may be sufficient to charge with knowledge an infringer who had deciphered it. Section 21 of Title 17, United States Code, deals with accidental omission of copyright notice from a copy:

> "Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

■ I take the effect of the statute to be that, where one copies the copyright owner's article and, because of unintentional omission of the notice from the original, is unaware of the copyright, he cannot be treated as an infringer except

with respect to things done after he learns of the copyright, while, if he is aware of the copyright, omission of the notice or a defect in the notice will not protect him. Plaintiff contends that this rule is inapplicable, alleging that the pin which defendants used as a model had the requisite notice imprinted on it and that, in any event, defendants had actual notice of the copyright.

Plaintiff filed supporting affidavits by its officers and employees which detailed the procedures followed to insure that each pin should bear the imprint and the two labels before it left the factory.

Defendants were unable to present to the court the Trifari pin that they purchased and used as a model, since, as defendants claimed, they were required to break it into numerous pieces in order to make the mold for their pin and these many parts fell apart after they were withdrawn from the mold and were thrown away. Defendants and their officers and employees who saw or worked on this Trifari pin have, however, executed affidavits alleging that no copyright notice was on that pin. Defendants introduced as their exhibit "J" another Trifari hansom cab pin which they purchased after commencement of this action. This pin had no clear marking on it. A very faint © can be seen with the naked eye. Using a magnifying glass and carefully scrutinizing the grooved area immediately in front of this ©, one may discover a faint "Trifari". Julius Steinberg, a defendant in this action who purchased this pin, swears that there was no copyright notice on the pin which he purchased beyond this faint marking which plaintiff admits to be "illegible". Such a legend would not be sufficient to charge with knowledge of the copyright an infringer who had no actual notice.

Since the original Trifari pin used as a model for defendants' pin was not made available for my inspection, I cannot be sure whether that pin did or did not have the notice of copyright. Defendants' officers allege that it did not; plaintiff alleges that no pin leaves its factory without the notice. While I cannot test defendants' allegations of the absence of notice from that pin, I am able to test plaintiff's claim that defendants must have had notice of the copyright.

Under plaintiff's admission that defendants' exhibit "J" is a product of plaintiff, the exhibit lends color to defendants' claim that this model was unmarked. It has such an exceedingly faint notice on it that I find it highly probable that on one or more other pins of the same manufacture the notice was not recognizable.

The printed notice of copyright on the two tags attached to the Trifari pins did not meet the statutory requirement that the notice be "on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted". 17 U.S.C. § 19. Thus they could serve plaintiff only by showing that defendants had actual notice of the copyright of an improperly marked article. Defendants' officers state that no notice was on the pin that they copied and it is not unlikely that during handling in a retail store, before the sale, these small tags might have been removed.

Plaintiff's contention that the name "Trifari" is so well known in the costume jewelry trade that defendants must have had actual notice of the copyright through advertisements in various publications is untenable. It is impossible to state that defendants saw and remembered the few advertisements of this specific pin. The fact that the name "Trifari" might be well-known, by itself, of course, could not be held sufficient to advise even the most experienced of costume jewelers that "Trifari" had produced a copyrighted though unlabeled pin.

The evidence that defendants received notice of plaintiff's copyright before they were served with the order to show cause that commenced this action is extremely weak. If I were faced with the issue of fact I would be forced to uphold defendants' denials.

The question remains whether, even so, a preliminary injunction should issue.

5. Defendants state that a preliminary injunction is unnecessary since they have ceased to manufacture and sell their infringing pin. Furthermore, counsel for defendants state that it is their intention not to manufacture or sell it during the pendency of this action.

In the usual case of copyright infringement when the infringer had notice of the valid copyright the plaintiff is entitled to a preliminary injunction without the necessity of a detailed showing of a danger of irreparable harm. Rushton Co. v. Vitale, 2 Cir., 218 F.2d 434, 436. If, on the state of facts here presented, defendants, who now, by virtue of this suit, have notice of the claim of copyright, proposed to go on with the manufacture and distribution of the pin, I would have no hesitation in issuing a preliminary injunction. There is, however, disagreement whether an injunction should be granted where the infringer agrees to cease all production and sale of the infringing article. Compare Markham v. A. E. Borden Co., D.C.D.Mass., 108 F.Supp. 695, reversed on other grounds, 1 Cir., 206 F.2d 199 (injunction denied), with M. Witmark & Sons v. Calloway, D.C.E.D.Tenn.N.D., 22 F.2d 412, 414 (injunction granted "as a recognition of plaintiff's technical right").

The decision to grant or deny a preliminary injunction is within the discretion of the trial court. American Code Co. v. Bensinger, 2 Cir., 282 F. 829, 835. Where, as here, the court could not make a finding that the defendants had notice of the copyright prior to the institution of the action and defendants do not intend to infringe during the pendency of the action, I do not believe a preliminary injunction is warranted. My denial of a preliminary injunction at this time is without prejudice to a renewal of plaintiff's application upon evidence that defendants have resumed the manufacture or distribution of the pins or pendants which I have found would, if knowledge of plaintiff's copyright were brought home to defendants, be infringements thereof.

Motion denied.