**Raymond ROHAUER, doing business as the Coronet Theater, Appellant,**

v.

**Leopold FRIEDMAN, Trustee in Liquidation of the assets of Buster Keaton Productions, Inc., Appellee.**

No. 17246.

United States Court of Appeals
Ninth Circuit.

July 25, 1962.

Jesse A. Levinson, Los Angeles, Cal., for appellant.

Bautzer & Grant and Herbert Schwab, Beverly Hills, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges, and FOLEY, District Judge.

STEPHENS, Circuit Judge.

This appeal is brought from a judgment of the District Court for the Southern District of California which decrees that appellee is the owner of a valid copyright in a motion picture entitled "The Navigator". The judgment further decrees that appellant has infringed the copyright by exhibiting the motion picture without authority from the appellee, and that appellant is thereby enjoined from further infringement of the copyright in any manner whatsoever.

The facts as stipulated to by the parties are set forth in the Pre-Trial Conference Order and may be briefly summarized as follows: Appellee (Plaintiff in the District Court) is the surviving Trustee in Liquidation of the assets of Buster Keaton Productions, Inc., which prior to October 14, 1924 produced the motion picture film "The Navigator". This motion picture was distributed by Metro-Goldwyn Pictures Corporation, which corporation on or about October 14, 1924 applied for and received from the Copyright Office of the United States a Certificate of Registration of Copyright on said motion picture.

In late November, 1937 Metro-Goldwyn Pictures Corp. transferred all its motion picture interests (inclusive of "The Navigator") to Loew's Incorporated by an agreement in writing using the following language:

> " * * * METRO has sold, assigned and set over unto LOEW'S * * * all right, title and interest of METRO in and to, any and all motion pictures * * * and all copyright thereof * * * recorded in the name of METRO as proprietor and/or owner * * * in the Office of the Register of Copyrights of the United States * * *."

In August, 1952 Loew's Inc., as the assignee of Metro-Goldwyn Pictures Corp., applied for and received a Certificate of Registration for the renewal of the copyright on the film "The Navigator". In February, 1960 pursuant to stockholder vote the firm name of

Loew's Inc. was changed to Metro-Goldwyn-Mayer Incorporated. And on or about March 1, 1960 Metro-Goldwyn-Mayer Inc. assigned to the plaintiff in writing all of its right, title and interest in and to the motion picture "The Navigator" including the copyright and the renewal thereof.

Appellant (Defendant in the District Court) admits that he copied the film by direct photographic duplication, and that during the month of March, 1960 he exhibited "The Navigator" to the public in his theater. Shortly thereafter plaintiff brought the instant action in the District Court seeking to recover damages for the alleged infringement and to enjoin defendant's future infringement of the copyright. The court granted the injunction and awarded plaintiff the statutory minimum damages of $250.00. Jurisdiction was conferred on the District Court by 28 U.S.C. § 1338. This court has jurisdiction by virtue of 28 U.S.C. § 1291.

■ Defendant raises many overlapping points in his appeal, which when consolidated present three basic questions concerning plaintiff's chain of title to the copyright and its renewal. First, defendant contends that the District Court committed reversible error by holding that Metro-Goldwyn Pictures Corp. had obtained a valid copyright in 1924. This contention cannot be sustained. The record contains substantial evidence to support such holding. The case was submitted to the court for decision without trial in open court. The only evidence before the court was contained in a Pre-Trial Conference Order, which consisted of a stipulated statement of facts and all of the documents related to the copyright here in question. These documents were stipulated to be genuine and admissible as evidence in the case without objection.[1]

■ The introduction into evidence of a copyright Certificate of Registration creates a prima facie case as to the facts stated therein. 17 U.S.C. § 209; Vance v. American Society of Composers, etc., 271 F.2d 204 (8th Cir. 1959); Wihtol v. Wells, 231 F.2d 550 (7th Cir. 1956); National Institute, Inc., etc. v. Nutt, 28 F.2d 132 (D.Conn.1928). The burden then shifts to the other party to go forward with the evidence in order to overcome such prima facie case. There is nothing in the stipulated facts in the Pre-Trial Order which controverts the prima facie case made out by the introduction into evidence of the 1924 Certificate of Registration. It was on the basis of this uncontroverted set of facts that the District Court made the disputed finding. We cannot say, in a case where the defendant has failed to overcome the prima facie case made out by the plaintiff, that a holding by the District Court in favor of the plaintiff constitutes reversible error.

Defendant also contends that the assignment in 1937 from Metro-Goldwyn Pictures Corp. to Loew's Inc. did not effectively pass title of the renewal rights because the renewal rights were not expressly mentioned in the general words of assignment. The District Court held to the contrary, and in our view the evidence supports that conclusion.

■ Defendant argues that unless the conveying instrument expressly states that the renewal rights have been conveyed, the courts will find that the parties did not intend to transfer them. This rule, however, reflects a policy of statutory copyright law which is not applicable to the facts of the case before us. By requiring the express mention of renewal rights in such transfers, thus avoiding an inadvertent or unintended transfer of such rights, the courts have found a means of carrying out the statu-

---

1. It should be noted that no evidence was offered to the effect that any of the above documents are not what they purport, by their terms, to be. And in view of the stipulations made by the parties, we note also that the District Court included the following statement in the Pre-Trial Conference Order:

"There are no issues of fact to be litigated on the trial as all facts are agreed and the only issues to be litigated are matters of law."

tory policy of protecting the copyright interests of original authors and certain of their heirs. See 17 U.S.C. § 24; Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co., 255 F.2d 518 (2nd Cir. 1958); and Rossiter v. Vogel, 134 F.2d 908 (2nd Cir. 1943). That policy and rule clearly have no application here, since none of the parties before the court are within the class of persons given special statutory consideration.

■ Thus the scope of factual examination made to determine the intent of the parties to this assignment is not as limited as defendant contends. The language of the agreement in general, as well as the circumstances surrounding its execution may also serve to indicate the intent of the parties. And where there is evidence which shows an intention to transfer the renewal rights, the fact that they were not expressly mentioned in the assignment of the original copyright will not preclude their passing with the copyright. Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co., 255 F.2d 518 (2nd Cir. 1958).

■ We look first to the language of the assignment, which reads in part, that METRO has assigned to LOEW'S *"all right, title and interest * * ** in and to, any and all motion pictures * * * and all copyright[s] thereof * * *."* In our view, an intent to transfer both the copyright and the right to renew the copyright is well supported by the all inclusive language here quoted. We can find no evidence in the record which would tend to support a conclusion that Metro-Goldwyn Pictures Corp. intended to retain any right or interest in the copyright of "The Navigator" or any other motion picture covered by the assignment.

In addition we note that shortly after this transfer Metro-Goldwyn Pictures Corp. was dissolved and went out of existence. This course of action is, we think, inconsistent with an intention to retain the right to renew the copyright of "The Navigator", a right not exercis-

able until fifteen years after the 1937 assignment. These factors, we hold, are sufficient to sustain the conclusion of the District Court that Loew's Inc. did receive a valid right to renew the copyright by the 1937 assignment.

■ Defendant also attacks the validity of the Loew's Inc. renewal of the copyright in 1952, on the ground that at the time of renewal it falsely claimed to be a proprietor of a work made for hire. Defendant has mistaken the requirements for renewal. The fact that the employer-employee relationship no longer exists at the time of renewal is immaterial. This is true because the author (employee) of a work made for hire obtains no interest in the copyrights or renewals relating to such work. All the rights pertaining to such work reside in the employer. 17 U.S.C. § 24; Shapiro, Bernstein & Co. v. Bryan, 123 F.2d 697 (2nd Cir. 1941); Tobani v. Carl Fischer, Inc., 98 F.2d 57 (2nd Cir. 1938), cert. denied, 305 U.S. 650, 59 S.Ct. 243, 83 L.Ed. 420 (1938); Von Tilzer v. Jerry Vogel Music Co., 53 F.Supp. 191 (S.D.N.Y. 1943), aff'd. Gumn v. Jerry Vogel Music Co., 158 F.2d 516 (2nd Cir. 1946). And since the author has no interest in either the work, its copyright, or the renewal thereof, his state of employment at the time of renewal has no effect on the employer's rights to renew the copyright. We hold therefore, that the District Court properly held that Loew's Inc. obtained a valid renewal of the copyright in 1952.

■ It is apparent from what we have already said that defendant's contention that the film is in the public domain and therefore cannot be the subject of copyright is without merit. We conclude therefore, that the District Court was correct in upholding plaintiff's chain of title to the copyright and its renewal. And since the defendant admitted having exhibited the film without plaintiff's authorization, the District Court also correctly held that defendant had infringed plaintiff's valid copyright interest in "The Navigator".

The defendant devoted the greater share of his arguments on appeal, however, to one other contention which should be mentioned. For the first time in the course of this litigation defendant questions the genuineness of the March, 1960 assignment from Metro-Goldwyn-Mayer Inc. to the plaintiff. Defendant now asserts that the date of the assignment was altered to read March 1, 1960, when in fact the instrument was originally executed and dated March 16, 1960. This alteration, defendant contends, should be investigated to determine whether or not it constitutes a fraud on the District Court.

While it is true in certain cases that an appellate court has the power to deal with judgments shown to have been obtained by fraud, the investigation sought here is not a matter properly raised, in the first instance, before this court.

We reach this conclusion for two reasons. The first is the fact that the defendant failed to assert this objection during the trial court proceedings. Quite to the contrary, he entered into a stipulation in the pre-trial conference which stated that the instrument now challenged was genuine and admissible into evidence without objection. Thus there is no adverse ruling by the District Court, relating to the challenged document, which the defendant can urge this court to review or reverse as erroneous.

The second reason is that Federal Rule of Civil Procedure 60(b), 28 U.S.C.A., sets forth the proper method for seeking relief from a judgment alleged to have been obtained by fraud. Under that Rule, relief from a judgment on this ground is to be sought either by a motion in the trial court or by an independent action in equity. In his brief defendant states that he discovered the alleged alteration after the judgment but prior to the time of perfecting this appeal. Thus, although aware of the facts now asserted on appeal, defendant failed to proceed in accordance with Rule 60(b). An appeal to this court cannot be used as a substitute for the timely procedure set forth by Rule 60(b). We conclude therefore, that the request for an investigation is not a matter properly before this court, and we decline to consider the point sought to be raised by it.

The judgment of the District Court is affirmed.