## UNITED MERCHANTS AND MANUFACTURERS, INC. and Pattern Rights, Inc., Plaintiffs,

v.

## SARNE COMPANY, Inc., Defendant.

### No. 67 Civ. 4530.

United States District Court
S. D. New York.

Dec. 8, 1967.

**164**

Stroock & Stroock & Lavan, New York City, for plaintiffs.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, for defendant.

MANSFIELD, District Judge.

In this action for copyright infringement under 17 U.S.C.A. § 101, plaintiff United Merchants & Manufacturers, Inc. (hereinafter "United Merchants"), a "converter" of textiles from uncolored cloth into design-bearing finished fabrics, and plaintiff Pattern Rights, Inc., a subsidiary of United Merchants, move to enjoin defendant, a luggage distributor, from infringing the copyrighted design "Caribe, Pattern No. 184", Copyright Reg. No. H14087, of which Pattern Rights, Inc. is the registered owner. Jurisdiction is vested in this Court by 17 U.S.C.A. § 112 and 28 U.S.C.A. § 1338.

■ Plaintiffs' certificate of registration constitutes prima facie evidence of the facts stated therein and, in the absence of contradictory evidence, is sufficient proof to establish a valid copyright. 17 U.S.C.A. § 209. Flick-Reedy Corp. v. Hydro-Line Mfg. Co., 351 F.2d 546 (7th Cir. 1965), cert. denied 383 U. S. 958, 86 S.Ct. 1222, 1223, 16 L.Ed.2d 301 (1966); Rohauer v. Friedman, 306 F.2d 933, 2 A.L.R.3d 1395 (9th Cir. 1962); Miller Studio, Inc. v. Pacific Import Co., 39 F.R.D. 62 (S.D.N.Y.1965).

■ Defendant disputes plaintiffs' contention that the design which appears on defendant's fabric bags is copied from plaintiffs' copyrighted "Caribe" design, which appears on fabrics generally. The test for determining whether the required substantial similarity is present is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966). "The copying need not be of every detail so long as the copy is substantially similar to the copyrighted work." Comptone Co. v. Rayex Corp., 251 F.2d 487, 488 (2d Cir. 1958).

A comparison of the design on defendant's fabric bag with plaintiffs' "Caribe" design convinces me that the average lay observer would consider them to be the same. Indeed, except for some minor variations in a few flower designs, the shape, size, color, arrangement and background of the flowers are so similar that the defendant's design appears to have been copied from plaintiffs' "Caribe". As for the minor variations, "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). See also Fristot v. First American Natural Ferns Co., 251 F.Supp. 886 (S.D. N.Y.1966) and Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., 187 F.Supp. 334 (S.D.N.Y.1960). In fact, it would require close inspection for the average observer to be able to detect any disparities at all.

■ Defendant's principal contention is that the copyright notice required by § 10 of the Copyright Law, 17 U.S.C.A. § 10, was omitted from some of plaintiffs' fabric bearing the "Caribe" design, resulting in an abandonment of the design to the public domain. With respect to such a claim of invalidation defendant bears the burden of proof. Stuff v. E. C. Publications, Inc., 342 F.2d 143 (2d Cir.), cert. denied, 382 U.S. 822, 86 S.Ct. 50, 15 L.Ed.2d 68 (1965); Modern Aids, Inc. v. R. H. Macy & Co., 264 F.2d 93 (2d Cir. 1959). Plaintiffs, in turn, maintain that this omission was a mistake which occurred on only a few yards

of fabric and, therefore, under § 21 of the Copyright Law, 17 U.S.C.A. § 21, did not invalidate the copyright. Section 21 provides:

"§ 21. *Same; effect of accidental omission from copy or copies*

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

■ Plaintiffs, which do business in New York, produce the finished product bearing the "Caribe" design by arranging with a printer located in Pennsylvania to print the design on cloth fabric furnished by plaintiffs and, as part of the operation, to inscribe plaintiffs' copyright notice on the selvage of the fabric at each 27-inch "repeat" of the design. Such a copyright notice, in the absence of defendant's showing that the notice could have been embodied in the design itself without impairing its market value, complies with § 10. Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800 (2d Cir. 1960); Key West Hand Print Fabrics, Inc. v. Serbin, Inc., 269 F.Supp. 605 (S.D.Fla.1965); Peter Pan Fabrics, Inc. v. Acadia Co., 173 F. Supp. 292 (S.D.N.Y.1959), affd. sub nom. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra.

■■ In September, 1967 about 42 yards, of plaintiffs' fabric bearing the "Caribe" design but lacking any copyright notice was shipped out of a 500-yard lot to a New York City retail department store which offered them for sale. Plaintiff United Merchants' employee in charge of finished goods, Nat Wolicki, testified that although there may have been occasions when the copyright was inadvertently omitted from the selvage inscription, such as where there was shrinkage of the fabric (which is usually 56 inches wide), he and his staff have systematically inspected a sample of each lot of finished goods resulting from each production run for the purpose of checking color and printing, including the printing of the copyright insignia, and if such inspection revealed that "there is anything wrong with the copyright insignia," the goods are set aside and not sent out. He further testified that since 1961 United Merchants has produced more than 325,000 yards of fabric bearing the "Caribe" design which has been regularly checked in accordance with the procedure described by him. Although Wolicki conceded that it is possible that the entire 500-yard lot from which the 42 yards were taken may have lacked the copyright insignia and defendant, following oral argument, submitted an affidavit by one of its employees to the effect that in January or February of 1967 she purchased "two or three yards" of the "Caribe" design fabric which bore no copyright notice, the Court concludes, after observing the witness testify and accepting the aforementioned affidavit of defendant's employee, that the omissions were limited to a very small percentage of plaintiff's fabric and constituted an omission by accident or mistake within the meaning of § 21. See Perkins Marine L. & H. Corp. v. Long Island Marine S. Corp., 185 F.Supp. 353 (E.D.N.Y.1960), and Kramer Jewelry Creations, Inc. v. Capri Jewelry, Inc., 143 F.Supp. 120 (S.D.N.Y. 1956). Therefore, the omissions did not invalidate plaintiffs' copyright on the "Caribe" design.

■ Defendant further contends that the accidental omission of the copyright from some of the yardage sold by plain-

tiffs, coupled with a failure to prove defendant's actual notice of the copyright, bars the issuance of injunctive relief, pointing to the provision in § 21 which prevents recovery of damages against an innocent infringer. Section 21, however, does not grant an absolute immunity to innocent infringers. It merely provides an immunity from damage claims "against an innocent infringer who has been misled by the omission of the notice". See Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., 144 F.Supp. 577 (S.D.N.Y.1956). Plaintiffs' printing of the copyright notice on all but a very small percentage of more than 325,000 yards of the fabric constituted notice entitling it to seek relief against the defendant, which has had actual notice of the copyright since the institution of this action. Furthermore, § 21 itself contemplates the prospect of a permanent injunction issuing against an innocent infringer. See Wilkes-Barre Record Co. v. Standard Advertising Co., 63 F.2d 99 (3d Cir. 1933); Alfred Decker Cohn Co. v. Etchison Hat Co., 225 F. 135 (D.Va.1915).

 Plaintiffs have made a prima facie showing that their copyright on the "Caribe" design is valid and that defendant has infringed. Plaintiffs have also made a sufficient showing of irreparable injury, although no detailed proof of it is required on a motion for preliminary injunction. Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851 (2d Cir. 1967). Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra. Suit having been instituted and the defendant having actual notice of the copyright, its possible prior lack of actual notice and lack of "wilfullness" do not bar preliminary injunctive relief, which must rest in the Court's discretion. See Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., supra, and Peter Pan Fabrics, Inc. v. Acadia Co., supra, but cf. Thomas Wilson & Co. v. Irving J. Dorfman Co., 268 F.Supp. 711 (S.D.N.Y.1967).

Plaintiffs' motion for preliminary injunction is granted.

The foregoing shall constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ. P. Plaintiffs must furnish security in the amount of $10,000.

Settle order.