Carolyn LOPEZ, Individually and doing business as Van Alen Automotive Catalogs, Plaintiff,

v.

ELECTRICAL REBUILDERS, INC., a corporation, doing business as Vernon Auto Parts Exchange, Defendant.

Civ. No. CV 75–2077–WPG.

United States District Court,
C. D. California.

July 22, 1976.

Jerry L. Kay, Los Angeles, Cal., for plaintiff.

Romney, Schaap, Golant, Scillieri & Ashen, Joseph H. Golant, John A. Scillieri, Beverly Hills, Cal., for defendant.

## MEMORANDUM OF DECISION

WILLIAM P. GRAY, District Judge.

This is an action for copyright infringement involving a catalogue of automobile distributors and a sequential numbering system identifying them. The plaintiff, Carolyn Lopez, is the sole owner of Van

Alen Automotive Catalogs, which has been publishing a catalogue using this code numbering system since 1948. The defendant is a firm involved in rebuilding automobile parts.

In February 1974, the plaintiff's predecessor in interest authorized the defendant to copy from the plaintiff's 1973 catalogue, allegedly for one publication only. Subsequently, the defendant published an additional distributor catalogue containing the plaintiff's code system, but which, the plaintiff contends, copied material from her 1974 catalogue, which had not been authorized. The plaintiff sued for copyright infringement and unfair competition over this catalogue of the defendant's. The defendant has moved for summary judgment on the grounds that the code system was no longer protected by a copyright, having been placed in the public domain. For the reasons set out in this memorandum, the defendant's motion for summary judgment will be granted.

The plaintiff's code system consists of a two-letter prefix followed by a number. When a new engine is manufactured, the plaintiff analyzes the distributor for that engine model and assigns it a code number. The two-letter prefix designates the manufacturer of the distributor. If the distributor contains the same individual parts as a previous distributor, it is assigned the same number as the one that identified the prior distributor. If the distributor under scrutiny contains any new parts, it is designated by the next number in the sequence for that manufacturer. The catalogue indicates to remanufacturers what distributors are used in particular engine models.

By this motion for summary judgment, the defendant has challenged the validity of the plaintiff's copyright, contending that the numbering system has been placed in the public domain by its use without notice of copyright. There is no dispute over the fact that the code numbers have appeared in two areas without such notice—in some of the plaintiff's own catalogues, and in business documents of third party remanufacturers.

With respect to the first area, since the time that the first catalogue was published in 1948, eleven out of approximately forty of the plaintiff's catalogues or supplements have failed to contain the copyright notice. This apparently was due to oversight by the plaintiff.

With respect to the second area—third parties—remanufacturers of distributors have also used the plaintiff's code numbers without any copyright notice in labeling their stock and printing price lists. Exhibits submitted by the defendant show price lists, inventory lists, invoices, and box labels from various remanufacturing companies in the local area using the plaintiff's code numbers to designate their products, all without any copyright notice. The plaintiff stated that she was aware that other remanufacturers were using the code numbers in their businesses in this way, without including the notice of copyright. She admitted that, as the proprietor of Van Alen, she has printed price lists for remanufacturers using the code numbers without including copyright notices. In fact, the plaintiff is an employee of a local remanufacturer, named Margus, in addition to being the owner of the Van Alen catalogue business. Despite this dual capacity, she failed to place a notice of copyright on either the Margus price lists which she compiled and printed, or the Margus labels and invoices which she filled out.

■ Initially, the issue is whether 17 U.S.C. § 21 excuses the plaintiff's failure to place the notice in every issue of her catalogue. The essence of protecting a copyright is the copyright notice, and 17 U.S.C. § 10 provides that "such notice shall be affixed to each copy thereof published or offered for sale in the United States . . . ." However, in order to protect a proprietor who has sought to comply with the law, but, through accident or mistake, has omitted the notice from some copies, 17 U.S.C. § 21 provides:

> "Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the pre-

scribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice . . . ."

In this case, the defendant clearly had actual notice of the copyright, inasmuch as it sought authorization from the plaintiff in 1974. Thus the question is whether the plaintiff is entitled to the protection of section 21.

■ Section 21 does not excuse a complete omission of the copyright notice, but only an omission on "a particular copy or copies." Although the courts have not established a maximum percentage or figure, the typical situation would be where, through a manufacturing error, a small percentage of goods lacked the copyright notice. *E. g., United Merchants and Mfrs. v. Sarne Co.,* 278 F.Supp. 162 (S.D.N.Y.1967) (omission of notice on small percentage of yardage due to manufacturing error did not invalidate the copyright).

■ With respect to publications, however, an omission from one issue of the publication of a work has been held not to come within the protection of section 21. *National Comics Publications v. Fawcett Publications,* 191 F.2d 594 (2d Cir. 1951). In that case, involving the copyright on a comic strip series, the copyright notice was published on certain strips initially, but later issues of the same strips failed to contain the notice. The court held that those strips were placed in the public domain, reasoning that an omission from an entire issue was more than an omission from particular copies within the meaning of section 21.

Accordingly, section 21 is inapplicable to this case where the omission was from entire issues of the plaintiff's catalogues.

■ The defendant also argues that the plaintiff's copyright is no longer valid because of widespread use of the code system throughout the industry without any copyright notice. This is essentially a contention of abandonment of the copyright. As set out in *National Comics Publications v. Fawcett Publications, supra,* abandonment occurs when the proprietor engages in some overt act which manifests his purpose to surrender his rights and to allow the public to copy his work.

■ In this case, the plaintiff's actions, as hereinabove set forth, are not disputed; the only argument is over her intent. The question is whether the plaintiff's consent to industrial use of the code numbers without notice of copyright can be deemed an abandonment of the copyright, cognizable in a motion for summary judgment. In a similar case, *Rexnord, Inc. v. Modern Handling Systems, Inc.,* 379 F.Supp. 1190 (D.Del.1974), the plaintiff's actions in republishing excerpts from its own trade catalogue without any notice of copyright were consistent with an intent to abandon, but the plaintiff had an explanation for each event which refuted the contention of abandonment. In that case, the district court held that summary judgment was inappropriate. However, in this case, the plaintiff's knowledge of the widespread industry use of the code numbers, combined with the fact that she herself printed price lists for customers using the code numbers without any copyright notice are more than merely consistent with an intent to abandon. Certainly, when the plaintiff printed the price lists for third parties and labeled the Margus goods, all without copyright notices, she intended the numbers to be publicly used. Whether or not the plaintiff intended to lose her copyright by this action, she clearly intended to allow public use of the code system without copyright notice. This court concludes that she thereby abandoned her copyright.

Accordingly, judgment for the defendant is being filed contemporaneously herewith.