43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Raymond L. OLSEN, Debtor.
Raymond L. OLSEN, Plaintiff-Appellant,
v.
Gordon ZERBETZ, Trustee; First Bank; et al., Defendants-Appellees.
 No. 94-35094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Decided Nov. 22, 1994.
 
 Before: PREGERSON, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond and Gladys Olsen appeal the district court's affirmance of a judgment against them in bankruptcy court. We affirm.
 
 
 3
 The Olsens filed a petition in bankruptcy under Chapter 11 in 1984. The proceeding was later converted to a Chapter 7 proceeding and a trustee was appointed. When the trustee discovered that the Olsens had funds on deposit at a bank, he ordered the bank to close the accounts and to turn the funds over to the bankruptcy estate. The Olsens objected to the trustee's demand and threatened to sue the bank if it complied. As a consequence, the bank froze the accounts and filed an interpleader action against both the Olsens and the trustee to establish ownership of the funds. The Olsens proceeded to bring counterclaims against the bank and cross-claims against the Trustee.
 
 
 4
 The Olsens repeatedly refused to comply with discovery relating to their claimed entitlement to the funds in the bank accounts. After numerous failed attempts by the bankruptcy court and the opposing parties to compel the Olsens to comply with discovery orders, the bankruptcy court issued a default judgment against them in the interpleader action as well as on their claims against the bank and the trustee. That judgment was upheld by the district court and was appealed to this court.
 
 
 5
 While that appeal, No. 93-35075, was pending, the Olsens moved the bankruptcy court to reconsider its previous decision and to reopen the case on the ground of newly discovered evidence of fraud. The bankruptcy court rejected the motion, and the district court affirmed. The district court's affirmance, which we now review, was based on two separate grounds. First, the district court had previously decided the issues raised by the Olsens and declined to reconsider them. Second, the district court was without jurisdiction because of the pending appeal.
 
 
 6
 the district court had jurisdiction to grant a motion to consider new evidence. See In re Adams Apple, Inc., 829 F.2d 1484, 1489 (9th Cir.1987); In the Matter of Combined Metals Reductin Co., 557 F.2d 179, 200-201 (9th Cir.1977); In re Wavelength, Inc., 61 B.R. 614, 618 (Bankr. 9th Cir.1986). The courts below, therefore, correctly denied the motion.
 
 
 7
 The Olsens correctly assert that under extraordinary circumstances we may overturn a judgment that was obtained by fraud. See Rohauer v. Freidman, 306 F.2d 933, 937 (9th Cir.1962). The judgment from which they are appealing, however, was not obtained by fraud. No ground has been presented for reversal of the district court's order that was properly grounded on lack of jurisdiction. The judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3