**PERKINS MARINE LAMP & HARDWARE CORP., Plaintiff,**

v.

**LONG ISLAND MARINE SUPPLY CORP., Defendant.**

Civ. 60-C-538.

United States District Court
E. D. New York.

July 13, 1960.

William R. Liberman, New York City, for plaintiff; Samuel J. Stoll, Jamaica, N. Y., of counsel.

Shank & Siegel, Hempstead, N. Y., for defendant; Melvin Siegel, Hempstead, N. Y., of counsel.

BARTELS, District Judge.

Action for damages and injunction for violation of the Copyright Act, 17 U.S. C.A. (hereinafter referred to as "the Act"). No claim is made for unfair competition or trademark violation. The answer consists of denials of the allegations in the complaint. Plaintiff now moves, as authorized by Sections 101 and 112 of the Act, pursuant to Rule 65, Fed. Rules of Civil Proc., 28 U.S.C.A., to enjoin defendant from infringing plaintiff's registered copyright.

Attached to the motion papers as exhibits are illustrations, or "cuts", depicting certain items contained in plaintiff's catalogue of marine hardware and equipment alongside of cuts from defendant's catalogue depicting the same items. A comparison of these cuts clearly indicates that they are identical with the exception that the word "Perko" (plaintiff's trademark) is obliterated in all but one instance. If plaintiff's catalogue is properly copyrighted violation is apparent.

Defendant defends upon the grounds that (i) it did not copy from plaintiff and (ii) plaintiff's catalogue does not carry the statutory notice and has therefore been dedicated to the public. It asserts in its answering papers that it copied from the uncopyrighted catalogues of B. Sack & Son, Freeport Marine Supply Co., and that of a company identified only as "Durkee", the first two having been submitted upon the argument. An examination of these catalogues reveals cuts identical to those submitted by plaintiff as appearing in its catalogue and also identical to the alleged infringing cuts of defendant, with the exception that the word "Perko" was not obliterated in the Sack and Freeport catalogues.

Where injunctive relief is sought, a copier from a copier is in no better position than one who copies directly from the author. American Press Ass'n v. Daily Story Pub. Co., 7 Cir., 1902, 120 F. 766, 66 L.R.A. 444. If, however, the action were one for damages, the result might be different. Barry v. Hughes, 2 Cir., 1939, 103 F.2d 427. The first defense is therefore no bar to this motion.

The second defense presents a more difficult problem. Upon the argument of the motion defendant presented two copies of plaintiff's catalogue upon which no copyright notice appeared. In reply, plaintiff presented a catalogue containing the same items, upon which the statutory notice *did* appear. An examination of the catalogue imprinted with notice and the copies in defendant's possession clearly reveals that defendant's copies are abridgments, the first page of which on the reverse of the title page, being numbered "8". In the reply affidavit plaintiff explains that the copies defendant exhibited were part of a limited second printing of 1,000 copies ordered with

certain deletions, attaching thereto a copy of the order to the printer which reads as follows:

"1,000 Copies of 1959 'Perko' *Lightweight* blue cover Catalogs No. 165

"These to be made up from General Marine catalogs *less the General Marine Section*"

The affidavit then points out that after approximately 25 copies of this limited printing had been distributed (the first printing being 15,000 copies) it was noted that the catalogue began with page 8 and that thereafter the remaining 975 copies of the second printing were destroyed.

Section 21 of the Act provides:

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

In construing this section the Court in National Comics Publications, Inc. v. Fawcett Publications, Inc., 2 Cir., 1951, 191 F.2d 594, 601, observed: " * * * In order to invoke the section, the 'proprietor' must have sought to 'comply' with §§ 10 and 19, and if he omits to affix any notice whatever, he has not done so. It makes no difference that that omission may itself have been the result of 'accident or mistake'; the section does not come into play at all unless he has taken some step towards compliance; it ex-

cuses only faulty notices, not a publication bare of any."

The problem here is whether the copyright proprietor has sought to comply with the provisions of the Act requiring that a notice of copyright shall be affixed to each copy of the publication. In ordering the second printing plaintiff made no reference to any change in the copyright notice that had been affixed to the original printing. Steps had been taken towards compliance. Indeed, as far as the original printing is concerned, there was compliance. Fifteen thousand copies of the first printing were distributed to the public while no more than approximately 25 copies of the second printing reached the public. As stated in Modern Aids, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 1959, 264 F.2d 93, 94, there was " * * * no evidence whatever that the plaintiff was at fault for the absence of the notice in these instances and the defendant had the burden of proof upon the issue of invalidation." The same may be said concerning the appearance of the copyright notice on the sixth page of the first printing of the catalogue instead of "upon its title page or the page immediately following" as required by Section 20 of the Act. On the trial the evidence may warrant a different result.

Another problem is presented by plaintiff's admission that permission was given to Sack and Freeport to publish their catalogues on condition that proper notice of plaintiff's copyright be inserted in these volumes. Plaintiff adds that it discovered for the first time upon the argument of the motion that Sack and Freeport catalogues omitted the copyright notice. If permission was given without this condition then plaintiff might have forfeited its rights. On the other hand, violation of this condition by Sack and Freeport places their publication in the same category as defendant's publication. No denial was interposed that the Sack and Freeport catalogues were subject to this condition. National Comics Publications, Inc. v

Fawcett Publications, Inc., supra, 191 F.2d at page 600.

As indicated in Rushton v. Vitale, 2 Cir., 1955, 218 F.2d 434, 436: "When a prima facie case for copyright infringement has been made, plaintiffs are entitled to a preliminary injunction without a detailed showing of danger of irreparable harm."

It thus appears that a sufficient case has been presented to justify the issuance of a preliminary injunction pending the final hearing and determination of this cause enjoining the defendant from infringing plaintiff's copyrights and from making, publishing and distributing a book catalogue containing the infringing cuts. Under the circumstances, the case will be set at the head of the trial calendar for the October term.

Settle order within 10 days on 2 days' notice.