The **PLATT & MUNK CO.,** Inc., Plaintiff,

v.

**PLAYMORE, INC.,** Lederer Industries, Inc. and **J. C. Boyan Associates,** Inc., Defendants.

Civ. 1309.

United States District Court
S. D. New York.
Sept. 12, 1962.

Greenbaum, Wolff & Ernst, New York City, for plaintiff.

Aberman & Greene, New York City, for defendant Playmore, Inc.

Perry Gottlieb, New York City, for defendant Lederer.

There was no appearance filed for J. C. Boyan Associates, Inc.

COOPER, District Judge.

This motion is a companion motion to that made in Platt & Munk Co., Inc. v. Republic Graphics, Inc., 62 Civ. 1003, D.C., 218 F.Supp. 262. In the case at bar, plaintiff similarly seeks preliminary injunctive relief to restrain defendants from infringing plaintiff's copyrights by selling goods which bear plaintiff's trademarks and copyright notices. Motion granted.

It appears that defendants are in possession of sizeable quantities of plaintiff's copyrighted and trademarked works which they purchased from Republic at an unauthorized sale of such merchandise.

■■■ Manifestly, the grant of an exclusive copyright by statute (17 U.S. C.A. § 1[a]) confers on plaintiff an exclusive right to vend the copyrighted work and implies the prohibition of unauthorized sales. Since, under the present circumstances, there has been no authorized first sale or transfer of title by the copyright proprietor, infringement proceedings may properly be had against defendants for interference with plaintiff's exclusive right to vend the copyrighted works. See F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 229, 73 S.Ct. 222, 97, L.Ed. 276 (1952); Platt & Munk v. Republic Graphics, Inc., 62 Civ. 1003, 218 F.Supp. 262 (S.D.N.Y.1962). Nor is a showing of intent to "infringe" essential here.

American Code Co. v. Bensinger, 282 F. 829 (2nd Cir., 1922); Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292, 299, 302 (S.D.N.Y.1959); Perkins Marine L. & H. Corp. v. Long Island Marine S. Corp., 185 F.Supp. 353 (E.D.N.Y.1960); Ball, Law of Copyright and Literary Property 441 (1944 ed.).

■■■ Plaintiff presents a prima facie case entitling it to preliminary injunctive relief to protect it from further injuries through sales by defendants pending the determination of this action.

In accordance with Rule 52, F.R.Civ.P., 28 U.S.C.A., the Court sets forth the following findings of fact and conclusions of law which constitute the grounds for its granting of plaintiff's motion for a preliminary injunction.

FINDINGS OF FACT:

1. Plaintiff is engaged in the business of manufacturing, publishing, distributing and marketing books, children's educational toys, puzzles, games and similar products.

2. Plaintiff is the sole copyright proprietor and the owner of the trademark and all other rights in the following items of educational activity toys which are sometimes sold separately as the BLACKBOARD BOOK OF NUMBERS and the BLACKBOARD BOOK OF LETTERS, respectively and sometimes sold in combination as the BLACKBOARD LIBRARY:

BLACKBOARD BOOK OF NUMBERS – c̄ Registration No. A402623
Certificate dated July 13, 1959

BLACKBOARD BOOK OF LETTERS – c̄ Registration No. A402624
Certificate dated July 13, 1959

3. Plaintiff is and has been the sole copyright proprietor and the owner of the trademark and all other rights in the following items of educational activity toys which are sometimes sold separately as the UNITED STATES MAP

—People and Places and the UNITED STATES MAP—Products and Resources, respectively, and sometimes sold together as the UNITED STATES MAP PUZZLES:

UNITED STATES MAP – c̄ Registration No. K62959
People and Places  Certificate dated June 15, 1961

UNITED STATES MAP – c̄ Registration No. K62960
Products and Resources  Certificate dated June 15, 1961

4. Prior to June 26, 1961 plaintiff created a toy under the name of I CAN PRINT which is an educational activity toy consisting of 3 sets of alphabet type, a holder, an ink pad, a printed work entitled "I Can Print Fun Book", an instruction folder and instruction greeting cards and envelopes. Plaintiff is the owner of the trademark and of all other rights in I CAN PRINT and is the sole copyright proprietor of the following components of I CAN PRINT:

Box and Greeting Cards – c̄ Registration No. KK161011
Certificate dated June 26, 1961

Instruction Folder – c̄ Registration No. A518568
Certificate dated June 26, 1961

5. Each of the aforesaid items has been advertised in plaintiff's annual catalogs and has been marketed, sold and distributed with appropriate copyright notices required by the United States Copyright Act. Each of the aforesaid items bears plaintiff's trademarks.

6. On or about August 25, 1960 plaintiff entered into an agreement with Republic Graphics Inc., hereinafter called "Republic" pursuant to which Republic agreed to manufacture 25,000 sets of the UNITED STATES MAP PUZZLE for plaintiff.

7. On or about January 10, 1961 plaintiff and Republic entered into an agreement pursuant to which Republic agreed to manufacture for plaintiff 25,-000 sets of the BLACKBOARD LIBRARY, each set consisting of the BLACKBOARD BOOK OF NUMBERS and the BLACKBOARD BOOK OF LETTERS, plus 15,000 slipcover cases. Thereafter, on or about September 15, 1961, plaintiff ordered from Republic 25,000 more copies each of the BLACKBOARD BOOK OF NUMBERS and BLACKBOARD BOOK OF LETTERS, plus 25,000 of the slipcover cases.

8. On or about January 10, 1961 plaintiff and Republic entered into an agreement pursuant to which defendant agreed to manufacture for plaintiff 50,000 I CAN PRINT sets.

9. The agreement between the plaintiff and Republic with respect to delivery of each of the aforesaid items was that Republic would promptly proceed with manufacture so that goods would be ready and on hand by April or May 1961, that Republic would store the completed goods at its expense until called for by plaintiff and that plaintiff would only pay for goods as and when called for by it and after delivery to it.

10. After defendant commenced delivery of the BLACKBOARD BOOK OF LETTERS and the BLACKBOARD BOOK OF NUMBERS, disputes arose between plaintiff and Republic concerning plaintiff's claim that quantities of the merchandise were defective.

11. After Republic commenced delivery of I CAN PRINT, other disputes

arose between plaintiff and Republic. Plaintiff claimed that the printing set produced by Republic did not meet plaintiff's standards of marketability because the plastic type and type-face manufactured by Republic did not and could not produce a satisfactory impression on paper and therefore plaintiff would be unable to sell it to its customers who, in purchasing educational activity toys from plaintiff, expected to pay advertised prices for merchandise of a quality which would perform as advertised.

12. Plaintiff claims that Republic's breaches of warranty caused it to withdraw the I CAN PRINT set from sale in or about November 1961, in order to protect plaintiff's reputation in the trade and among its customers as a reputable manufacturer, publisher and distributor of educational activity toys.

13. On or about January 19, 1962 Republic attempted to deliver in bulk all of the items it had stored on its premises. Plaintiff refused to accept such delivery, claiming that the same was contrary to the various agreements regarding delivery, that large numbers of the BLACKBOARD items were defective and that I CAN PRINT was useless for its purposes.

14. Republic was put on notice by letters from plaintiff to Republic that any sales by Republic of the aforesaid merchandise would be in violation of plaintiff's copyrights and trademarks and that any sale by it would irreparably injure plaintiff.

15. Notwithstanding the foregoing, Republic sold quantities of the aforesaid items to each of the defendants in this action.

16. Each of the defendants in this action threatens to resell quantities of the aforesaid merchandise in the open market at prices substantially less than plaintiff's catalog prices.

17. Some or all of the defendants have resold quantities of the aforesaid items to various third parties at prices substantially less than plaintiff's catalog prices.

18. Plaintiff has made out a prima facie case that to the extent that each of the above named defendants is in possession of the aforesaid merchandise, any sale of such merchandise will cause irreparable injury to plaintiff and to its reputation in the market and that the threatened continuation of such sales will cause further irreparable injury to plaintiff's rights as the sole proprietor of the copyright including the rights to copy and to vend, as the owner of the trademarks and to plaintiff's reputation in the toy business as a manufacturer, publisher and distributor of merchantable goods and will flood the market with defective merchandise identifiable in the trade as plaintiff's products and will injure plaintiff's competitive position.

CONCLUSIONS OF LAW:

Upon the papers before the Court it appears that:

1. Plaintiff is the holder of valid copyrights on the merchandise in question.

2. Republic Graphics, Inc. did not occupy the status of an "unpaid seller" within the meaning of New York Personal Property Law, §§ 133–156.

3. Republic Graphics, Inc.'s sale of the copyrighted goods to defendants constituted an infringement of plaintiff's copyright and did not fall within the exception found in 17 U.S.C.A. § 27.

4. Defendants' subsequent sale of such merchandise constitutes an infringement of plaintiff's copyrights and of plaintiff's exclusive right to vend such merchandise.

5. Plaintiff is entitled to an injunction, pending the determination of this action, restraining each of the defendants, their respective agents, servants, employees, attorneys and all persons in active concert and participation with them or any of them from taking any steps to effectuate any sale of any of the plaintiff's following merchandise: I CAN PRINT; UNITED STATES MAP SETS—People and Places, Products and Resources; and BLACKBOARD BOOK OF NUMBERS and BLACKBOARD

BOOK OF LETTERS, sometimes sold together as the BLACKBOARD LIBRARY.

Settle order on notice. Plaintiff must file security in the amount of $2,000. in accordance with the provisions of Rule 65, F.R.Civ.P., 28 U.S.C.A.