In re: Tam Ly LAM; Mai
Thai Lam, Debtors.

Investors Thrift, Appellant,

v.

Tam Ly Lam; Mai Thai
Lam, Appellees.

No. 97–16711.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1999.

Filed Oct. 4, 1999.

Julian Bach, Arter & Hadden, Los Angeles, California, for appellant Investors Thrift and amicus curiae The Money Store.

Aram Ordubegian, Miles, Wright, Finlay & Zak, LLP, Santa Ana, California, for appellant Investors Thrift.

David A. Boone and Edward A. Kunnes, San Jose, California, for appellees Tam Ly and Mai Thi Lam.

Before: WIGGINS, FERNANDEZ and THOMAS, Circuit Judges.

PER CURIAM:

This appeal presents the interesting question of whether a Chapter 13 debtor may void a junior lien on a homestead if senior liens exceed the fair market value of the property. However, we have no occasion to reach that issue, because the appellant has forfeited the right to bring it before us by failing to appear in any prior proceedings.

I

Debtors Tam Ly Lam and Mai Thai Lam instituted an adversary proceeding against Investors Thrift. The Lams sought a declaration that Investors Thrift was an unsecured creditor under the Bankruptcy Code and a judgment that the deed of trust held by Investors Thrift would have no further force and effect as a secured lien against the homestead. Their claim was premised upon allegations that the market value of their home was less than the amount they owed to the three secured creditors with security interests in the Lam homestead superior to Investors Thrift's deed of trust.

Investors Thrift was duly served with the adversary complaint, but did not respond. Default was thereupon entered against Investors Thrift by the Deputy Clerk of the Bankruptcy Court. Investors Thrift did not move to set the entry of default aside pursuant to Federal Rule of Bankruptcy Procedure 7055(c).

The Lams filed a motion for entry of a default judgment. However, believing that *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), prohibited the relief sought by the Lams, the bankruptcy court entered an order denying the request for a default judgment and dismissing the adversary proceeding.

The Lams appealed the bankruptcy court's decision to the Bankruptcy Appellate Panel ("BAP"), and served a copy of the notice of appeal on Investors Thrift. In accordance with its regular procedure, the BAP sent notice to all parties, including Investors Thrift, describing the parties' appellate duties. Pursuant to the BAP's direction and the Federal Rules of Bankruptcy Procedure, the Lams designated the appellate record and filed a Statement of Issues. Although the Lams served the record designation and Statement of Issues on Investors Thrift, Investors Thrift did not respond.

The BAP then established a briefing schedule. The Lams filed their brief within the specified time; Investors Thrift did not. Sua sponte, the BAP then issued a Conditional Order of Waiver, finding that Investors Thrift had failed to file a timely brief, but granting Investors Thrift an additional ten days to do so. Investors Thrift did not respond. The case was calendared for oral argument, but Investors Thrift did not appear. Oral argument was conducted without Investors Thrift's participation.

Following oral argument, the BAP issued an opinion reversing the bankruptcy court order, holding that *Nobelman* did not apply to holders of totally unsecured claims. The BAP remanded the case to the bankruptcy court for the entry of default judgment against Investors Thrift. Investors Thrift did not seek reconsideration of the BAP decision. However, Investors Thrift then broke its two-year silence and, appearing for the first time in the

litigation, filed a notice of appeal in our court.

## II

■ Default was entered against Investors Thrift pursuant to Federal Rule of Bankruptcy Procedure 7055(a), which makes Federal Rule of Civil Procedure 55(a) applicable to bankruptcy adversary proceedings. The proper method by which a party may apply to have a default set aside is to file a formal motion with the court pursuant to Federal Rule of Civil Procedure 55(c) or, as applicable in this case, the corresponding bankruptcy rule, Federal Rule of Bankruptcy Procedure 7055(c). Investors Thrift failed to do this.

■ The entry of default is not an appealable order. *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir.1986). Accordingly, a party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered. *Cf. State Bank of India v. Chalasani (In Re Chalasani),* 92 F.3d 1300, 1307 (2d Cir.1996) (describing a similar requirement for the challenge of default judgments). Here, Investors Thrift has not even deigned to challenge the entry of default on appeal. Instead, it appeals the merits of an intermediate appellate decision although it did not bother to appear in that appeal.

Federal courts are not run like a casino game in which players may enter and exit on pure whim. A defaulted party may not re-enter litigation, particularly on appeal, on sheer caprice. It must follow proper procedure to set aside the default.

Investors Thrift complains that Chapter 13 litigation is too expensive and that we should simply ignore its refusal to appear before the bankruptcy court and the BAP. In other words, Investors Thrift is interested in the controversy, but not the case. We decline this invitation to abrogate our procedural rules. Accordingly, we dismiss this appeal, and express no opinion on the merits of either the BAP decision or the bankruptcy court's order.

DISMISSED.