In re Hildy Jean ORTIZ; Marcus Alonzo Nieto, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; Hildy Jean Ortiz; Marcus Alonzo Nieto; UST—United States Trustee, Appellees.

In re Harvey P. Mickelsen; Stephanie B. Mickelsen, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; UST–United States Trustee, Sacramento, Appellees.

In re Ben Leando Dye; Kaelyn Marie Dye, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson; Ben Leando Dye; Kaelyn Marie Dye, Appellees.,

Sean Gjerde.

In re Harvey P. Mickelsen; Stephanie B. Mickelsen, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; UST—United States Trustee, Sacramento, Appellees.

**590**

In re Ben Leando Dye; Kaelyn Marie Dye, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson; Ben Leando Dye; Kaelyn Marie Dye, Appellees., Sean Gjerde.

In re Harvey P. Mickelsen; Stephanie B. Mickelsen, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; UST—United States Trustee, Sacramento, Appellees.

In re Hildy Jean Ortiz; Marcus Alonzo Nieto, Debtors,

James Patrick Chandler, Appellant,

v.

Jan P. Johnson, Chapter 13 Trustee; Hildy Jean Ortiz; Marcus Alonzo Nieto; UST–United States Trustee, Appellees.

Nos. 13–60011, 13–60012, 13–60013, 13–60014, 13–60015, 13–60016, 13–60017.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2015.*

Filed May 6, 2015.

James Patrick Chandler, Sonoma, CA, pro se.

Kristen A. Koo, Esquire, Sacramento, CA, Cameron M. Gulden, Office of the United States Trustee, Chicago, IL, for Appellee.

Jan P. Johnson, Sacramento, CA, pro se.

Hildy Jean Ortiz, Elk Grove, CA, pro se.

Marcus Alonzo Nieto, Elk Grove, CA, pro se.

Before: KOZINSKI and GRABER, Circuit Judges and BENSON,** Senior District Judge.

### MEMORANDUM ***

The Bankruptcy Appellate Panel correctly dismissed Chandler's appeals of the bankruptcy court's entry of a default judgment of contempt against him. Chandler was clearly apprised of the contempt proceedings and the bankruptcy court's entry of a default judgment of contempt. However, he didn't move the bankruptcy court to set aside the entry of the default judgment or for relief from the default judgment. *See* Fed.R.Civ.P. 55(c), 60(b). An appeal " 'cannot be used as a substitute' for these procedures." *Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co.,* 346 F.3d 1193, 1195 (9th Cir.2003) (quoting *Rohauer v. Friedman,*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed..R.App. P. 34(a)(2).

** The Honorable Dee V. Benson, Senior District Judge for the U.S. District Court for the District of Utah, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

306 F.2d 933, 937 (9th Cir.1962)); *see also In re Lam*, 192 F.3d 1309, 1311 (9th Cir. 1999) (per curiam) ("[A] party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.