MEMORANDUM ***
The Bankruptcy Appellate Panel correctly dismissed Chandler’s appeals of the bankruptcy court’s entry of a default judgment of contempt against him. Chandler was clearly apprised of the contempt proceedings and the bankruptcy court’s entry of a default judgment of contempt. However, he didn’t move the bankruptcy court to set aside the entry of the default judgment or for relief from the default judgment. See Fed.R.Civ.P. 55(c), 60(b). An appeal “ ‘cannot be used as a substitute’ for these procedures.” Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., 346 F.3d 1193, 1195 (9th Cir.2003) (quoting Rohauer v. Friedman, *1048 306 F.2d 933, 937 (9th Cir.1962)); see also In re Lam, 192 F.3d 1309, 1311 (9th Cir. 1999) (per curiam) (“[A] party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.